Rüpfxn, C. J.
 

 We concur in the opinion, that the defendant is to be deemed to have been duly in office. The entry on the record of the County Court, is much like that in
 
 Fullenwider's case,
 
 4 Ired. 364; and imports, we think, that Scott had been chosen by popular election, according to law, and that it was so decided by the County Court, who is to judge of a disputed election. Besides, it appears in the case, that he acted
 
 de facto,
 
 and was a known constable in the county; and that is sufficient, as we have recently had occasion to say.
 
 Burke
 
 v.
 
 Elliott,
 
 4 Ired. 355.
 

 As the defendant has submitted to the judgment, the point ruled against him, as to the invalidity of the warrant for want of a seal, does not strictly arise in the case, as it comes
 
 before
 
 us on the plaintiffs’ appeal. But it is a point so material to an
 
 *75
 
 important process, and to the security of ministerial officers, that we think it ought not to be left in doubt. We therefore deem it our duty to express our opinion in accordance with that of the learned judge. Though it seems recently to be thought sufficient by some, if the warrant be in writing and under the hand of the justice, 1 Chit. C. L. 38; Bul. N. P. 83; yet so many of the older and most respectable authorities lay it down positively, that a seal is necessary to a warrant for a criminal charge, that we are obliged to consider it established law, and do not fee 1 at liberty to say any thing to unsettle it. Lord Hale so states the law explicitly. 2 P. C. 577, 2 P. C. 111. Hawkins adopts his authority; Hawk. P. C. B. 2, 6, 13. Lord Coke so states it in 2 Inst. 52; and Baron Comyns, in his digest, Imprisonment, H. 7, under the head, “ what shall be a lawful warrant,” says, “it must be made under hand and seal.” In this State the same law was held in
 
 Curtis' case,
 
 1 Hay. 471, and we believe it has been uniformly acted on upon the circuits. The warrant being thus put out of the plaintiffs’ way, it would not, in general, be necessary to consider, whether the plaintiffs’ other objection was good or not. But we must do so in this case, because it concerns the correctness of the instructions as to the effect, on the question of damages, which the opinion of Powell ought to have. The warrant did not purport to have been, and was not in fact, issued on oath ; and for that reason, that person advised Scott it was void. If that opinion was correct, we will not say the plaintiffs’ argument was wholly unfounded. It would depend much upon the enquiries, who Powell was; how connected with the parties or the controversy; and whether, from his information or standing, the defendant would probably feel more or less respect for his opinion than he did for that of a public magistrate. But if his opinion was not correct, as his Honor had just informed the jury was the case; then, manifestly, the defendant could not in any degree be blameable for not being guided by advice, which was erroneous in point of law. We are, therefore, called on to determine, whether the warrant is void for that reason ; and we
 
 *76
 
 hold that it is not void, but is a good justification to the de-fondant. _
 

 ■ A magistrate may grant a warrant
 
 super visum.
 
 But ex- ■ cept in that case, it his duty, before issuing a warrant, to require evidence on oath, amounting to a direct charge, or creating a strong suspicionof guilt. There is no doubt that an innocent person, arrested on a warrant issued by a magistrate, not on his own view, nor on any oath, would have an action against the magistrate. It is usual in England for magistrates to take written affidavits to the charge, separate from any statement of the oath in the warrant; so that they may have at all times in their own power, evidence in justification of issuing the warrant. But it is not necessary to set out the evidence in the warrant, even in justification of the magistrate. Nor is it necessary to the justification of a ministerial officer for executing the warrant, that it should even have been granted on an oath. The constable must take care not to execute a warrant for a matter not within the jurisdiction of the magistrate; for all men must take notice, whether a person, under whose authority they act, could grant that authority. But when the warrant purports to be for a matter within the jurisdiction of the justice, the ministerial officer is obliged to execute it, and, of course, must be justified by it. He cannot enquire upon what evidence the judicial officer proceeded, or whether he committed an error or irregularity in his decision. This is elementary and familiar doctrine, and needs not that authorities should be cited to support it. But it is laid down in
 
 Curtis’ case,
 
 and in
 
 McDonald’s case,
 
 3 Dev. 468. Here the jurisdiction is clear, as
 
 the
 
 charge is for a battery, and the warrant was executed in the magistrate’s county. That it is not necessary that the warrant should set forth the evidence on which it was granted, or even that it was granted on oath at all, is distinctly stated in
 
 Sir William Wyndham’s case,
 
 1 Str.
 
 2,
 
 and in Hawkins. And in
 
 Wilkes’ case, 2
 
 Wils. 158, it was so held upon those authorities, and the authority of many precedents, and particularly, because of all the authors, who had treated of the form of warrants, each had omitted
 
 *77
 
 to mention any such requisite as its setting out, that it was issued on a charge on oath. That the magistrate issued the warrant, though for a matter within his jurisdiction, without information on oath and not on his view, may render him responsible. But as the recital of the information in the warrant is not an essential part of it, and the constable has nothing to look to but the warrant as his guide, it follows, that he is justified by the warrant, though not purporting to have been, nor in fact issued on a sworn charge.
 

 The defendant was therefore right in paying no attention to the opinion of Powell; and it furnishes no argument against him of malice in the transaction. Consequently the judgment must be affirmed for 6|: cents damages and 6J cents costs, according to the act of 1826 ; and judgment is given against the plaintiffs, as appellants, for the costs of this court.
 

 Per Curiam, Judgment accordingly.