Ruffin, C. J.
 

 The judgment must be affirmed, without reference to the point of the validity or invalidity of the Justice’s execution; for, admitting it to be void', yet the other was a full authority for all that was done, as the validity of that is not questioned. As to it, the objections are, that the plaintiff was not informed that he was
 
 *301
 
 arrested on it, and in fact, that he was not, for it was in the hands of the defendant himself and was not then known to the plaintiff, nor to Hunter, who made the arrest. But that is not at all material; for if the officer expressly declare that he arrests under an illegal precept and on that only, yet he is not guilty of false imprisonment, if he had, at the time, a legal one; for the lawfulness of the arrest does not depend on what he says, but what he has.
 
 State
 
 v.
 
 Kirby,
 
 2 Ired. 201.
 
 State
 
 v.
 
 Elrod,
 
 6 Ired. 250. Undoubtedly, if the gaoler had discharged the plaintiff, the sheriff would have been liable for an escape on Jones’ execution; for the gaoler is the sheriff’s deputy, and bound to take notice of the writs in the hands of his superior, and a detention by the gaoler is justified, if one by the sheriff himself would have been by the same process. No doubt the
 
 ca. sa.
 
 from the County Court caused the defendant to order the gaoler not to let out the plaintiff without notice to him, as he knew it was his duty to detain him until he paid that debt also. It would have been more creditable to the defendant to have left the writ with the gaoler, so that the plaintiff might have had his discharge in the defendant’s absence, upon payment or giving bond. But he was not bound to do so: and, in his own hands, it justified the defendant’s servants in arresting and detaining the plaintiff. The subsequent alteration of the return, though very improper, can make no difference ; for it was made after the plaintiff was let at large, and cannot affect the process, as an authority for his arrest and detention, while he was in prison. To that purpose it was sufficient, whether the sheriff made a true or false return on it, or none at all.
 

 Per Curiam. Judgment affirmed.