STATE v. F. M. FURGUSON.

*Indictment -- Constable -- Neglect of duty.*

1. A constable who neglects or refuses to execute criminal process law-fully issued and placed in his hands. is indictable under § 107, ch. 32, Bat Rev.

2. A constable is a ministerial officer and cannot inquire into the basis or regularity of criminal process issued by a judicial officer, when there is jurisdiction and the process is not otherwise void.

(*Welch* v. *Scott*, 5 Ire. 72, cited and approved.)

INDICTMENT for Misdemeanor under the statute (Bat. Rev. ch. 32, § 107,) tried at Fall Term, 1876, of YANCEY Superior Court, before *Henry. J.*

Upon affidavit before a Justice, a Peace Warrant was issued and placed in the hands of defendant, a Constable, directing him to execute it upon one Austin. About eight days there-after the defendant met Austin and informed him that he had a Peace Warrant against him, and thereupon one Edney being present replied that he would stand his (Austin's) security. Austin ran away and defendant returned the war-rant more than a year after it was issued.

The Court instructed the jury that no arrest had been made according to law and that it was the duty of the de-fendant to have taken the party charged before the Justice without delay.

Verdict of guilty. Judgment. Appeal by defendant.

*Atttorney General,* for the State.
*Mr. W. H. Malone,* for the defendant.

FAIRCLOTH, J. Any officer in the State required to take an oath of office who shall wilfully omit, neglect or refuse to discharge any of the duties of his office, shall be guilty of a

misdemeanor. Bat. Rev. ch. 32, § 107. This statute embraces the offence with which the defendant was charged and convicted, to-wit; neglecting and refusing as Constable to execute a Peace Warrant issued and delivered to him by a Justice of the Peace within his own county.

The defence insisted on is that as it does not appear that the warrant was issued on oath nor on view of the Justice it is void and the officer was not bound to execute it.

An officer acting under void process is a trespasser and must take notice of its character at his own peril. All persons must take notice whether those under whose authority they act could grant such authority.

A Constable need not obey a warrant for a matter not within the jurisdiction of the magistrate but when there is jurisdiction and the warrant is not otherwise void, he as a ministerial officer is obliged to execute it and of course must be justified by it. He cannot inquire upon what evidence the judicial officer proceeded nor into the regularity of his decision. *Welch* v. *Scott*, 5 Ire. 72. A magistrate should not issue a warrant except on oath or *super visum*, and if he does and innocent parties are arrested, he would be liable in damages to such parties; but these are considerations for the Justice and not for the Constable. In this case there is no doubt about the jurisdiction of the Justice.

There is no error. Let this be certified to the end that further proceedings may be had according to law.

PER CURIAM.　　　　　　　　　　　Judgment affirmed.