STATE v. F. L. DULA, JESSE DULA and JOHN DULA.

*Justices of the Peace; jurisdiction and practice in criminal cases*
*—Resisting an Officer—Special Deputation of Officers under*
*Sec.* 645 *of The Code—Warrant; when must be shown—*
*Evidence of Notice.*

1. The judgment of a Justice of the Peace that a defendant, charged with an offence of which a Magistrate has final jurisdiction, is guilty, and imposing a fine, is not void because of irregularity in the warrant, when defendant failed to appeal.

2. Where defendants, adjudged guilty and to pay a fine and costs, promised to pay the same within ten days, and upon such promise were permitted to go at liberty, it was within the power of the Magistrate to order their arrest upon their failure to make such payment at the time agreed on.

3. In such a case, the fact that the defendants had been arrested on the original warrant by the same specially deputized officer, who had in hand the second order of arrest, was some evidence that they had notice of the capacity in which he was acting, when he attempted to arrest them under the second order.

4. A known officer need not show a warrant when he makes an arrest; an officer appointed for a special purpose must show a warrant, if it is *demanded* of him, but not otherwise.

5. Although Justices of the Peace are the sole judges of the "extraordinary cases" provided for in § 645 of *The Code*, yet it is well that they should set out, in the special deputation, that it is done for the want of a regularly constituted officer.

This was an INDICTMENT for an assault with deadly weapons, and resisting an officer, tried before *Clark, J.*, at March Term, 1888, of WILKES Superior Court. Verdict of guilty. Defendants appealed.

It was in evidence that H. Kendall was a Justice of the Peace for the County of Wilkes, and, as such, on the 10th day of March, 1886, upon the affidavit of one W. L. Dula, issued a warrant against the defendant F. L. Dula, for trespass upon the lands of said W. L. Dula. The warrant does not state that the trespass was "after being forbidden" or "without license therefor." Written on the warrant was the following: "I depute G. B. Walsh to execute this process, this March 10th, 1886. (Signed) H. Kendall, J. P. Executed and returned by G. B. Walsh, Deputy, March 13th, 1886.

| | |
|---|---|
| Fine | $1 00 |
| Justice's cost | 1 50 |
| Officer's cost | 3 40 |
| Winesses' cost | 3 00 |
| | $8 90 |

On the 7th day of April, 1886, the following was issued:

"STATE OF NORTH CAROLINA, 
WILKES COUNTY. } JUSTICE'S COURT.

STATE AND W. L. DULA 
*vs.* 
F. L. DULA.

WHEREAS, judgment was rendered against F. L. Dula, in the above entitled cause, on the 19th day of March, 1886, for the sum of $1 fine, $7.90 costs, and the said Dula was given 10 days to discharge said fine and cost, and the said F. L. Dula and Mrs. Dula signed a written agreement to the aforesaid effect, and then failed to comply with said agreement, the time being out and expired. These are, therefore, to command any lawful officer to arrest or apprehend the said F. L. Dula, and bring him before the undersigned Justice of the Peace, that he may be dealt with as the law directs."

Signed and sealed by H. KENDALL, *J. P.*

The following is endorsed thereon:

"Depute G. B. Walsh to serve this process on April 7th, 1886. H. KENDALL, *J. P.*"

The judgment in the magistrate's Court, signed by H. Kendall, is as follows: "Upon the oath of W. L. Dula, setting forth that F. L. Dula cut his timber and defaced his line a warrant is issued against the said F. L. Dula, and was delivered to G. B. Walsh, a deputy officer of said county, to be executed on this the 10th day of March, 1886. Warrant returnable this the 13th day of March, 1886. Executed. Whereupon, the defendant was produced in Court, and the following proceedings had: Case postponed till the 19th instant. Parties appeared and trial coming on, the

testimony being considered, it is adjudged that he pay a fine of $1, and all costs of the action, amounting to $7.90."

There was evidence tending to show that the proceeding before the magistrate against F. L. Dula was for entering upon land after being forbidden; that the magistrate " deputed" Walsh to execute the warrant; that the second process (after the judgment of the Court imposing the fine and adjudging costs against F. L. Dula) was issued, and placed by the magistrate in the hands of Walsh, with the deputation endorsed; that Walsh took the process, and, in company with three others, went to the "farm of the defendants where they were at work, and attempted to arrest Lafayette Dula;" told him they had come to arrest him and take him before the magistrate to pay the bill of costs, &c. Dula said, "where is your officer?" Walsh said, "I am the officer;" (he, Walsh), walked up near to the defendant Lafayette Dula, who drew back his axe " in a threatening attitude, and said, he would kill him if he tried to arrest him." He was within striking distance. The defendants, Jesse and John Dula— the former ran in between them—threatening to use a knife, and the latter a pole, which he had in his hand drawn back. Walsh did not show the process under which he was attempting to make the arrest, or tell the defendants that he had such process.

"Counsel for defendants asked the Court to charge the jury, that the proceedings before a Justice of the Peace were void and did not authorize the issuing of the process which Walsh had at the time of the alleged assault, and that the process itself was void. His Honor declined to so charge the jury, but told them, as the defendants did not appeal from the judgment therein rendered, the process authorized the arrest of the defendants." Defendants excepted.

The Court was then asked to charge the jury, "that it was the duty of the deputed officer, Walsh, to either have shown the said process, or have told the defendants that he had such

process in his possession." His Honor declined to so in-struct the jury, but told them that "if the defendants knew that the said Walsh had such process and resisted the process in the manner described by the witnesses, they would return a verdict of guilty against all the defendants, who assisted in resisting the arrest." Defendants excepted.

*Attorney General*, for the State.

No counsel for the defendants.

DAVIS, J., (after stating the facts). The original warrant, issued by the Justice of the Peace, does not state that the trespass on the prosecutor's land was after being forbidden or without license, and was very irregular, but no exception was taken on this account, and if it had been, the Magistrate could have amended it, and, as he had jurisdiction of the subject-matter tried before him, his judgment was not void. In *State* v. *Curtis*, 1 Haywood, 471, (Battle's Edition, 543,) it is said: "If a Justice of the Peace issue a warrant for a matter within his jurisdiction, although he may have acted erroneously in the previous stages, the officer should execute it. * * * If the officer be a known officer of the district in which he is acting, he need not show his warrant when he makes the arrest; but if he is an officer appointed for a special purpose, he ought to show his warrant, *if demanded*."

In *State* v. *Garrett*, 1 Winst., 144, it is said that one who is not a known officer ought to show his warrant, and read it, if *required*, but even when required, as was done in that case, he is not made a trespasser *ab initio* if the party to be arrested knew he had the warrant.

The Magistrate having adjudged that the defendant Lafayette Dula should pay the fine and costs, his agreement to pay it within ten days, and the assent thereto by the Magistrate, did not operate as a discharge of the judgment, and it was competent for him to issue the warrant to enforce the

judgment, and, being within his jurisdiction, the officer was justified in executing it. The fact that Walsh was the same special officer who first executed the process, was some evidence of notice of the capacity in which he was acting.

We were not favored with an argument for the defendants in this Court, and we take occasion to say, that while Justices of the Peace must be the judges of the "extraordinary cases", mentioned in section 645 of *The Code*, in which they are authorized to issue precepts or mandates to persons other than a regular officer, it is always well to state that the person specially appointed or deputed, is so appointed for the want of a regularly constituted officer, and we believe that such has been the practice. The statute does not contemplate the appointment of special constables, except in "extraordinary cases."

We think that neither of the exceptions to the ruling of his Honor can be sustained, and there is another view of the case, fatal to the defendant.

The assaults were with deadly weapons. Can there be any doubt, that if Walsh had been killed, under the circumstances testified to, the defendants would have been guilty, at least, of manslaughter? It has been said, that "when the facts of a case of homicide constitute the crime of manslaughter, if no killing ensue, the same state of facts will necessarily make the case of an assault and battery." *State v. Leary*, 88 N. C., 615; *Braddy v. Hodges*, 99 N. C., 319.

There is no error.

Affirmed.