ROBERT O. ALEXANDER v. G. H. LINDSEY, LAWRENCE E. BROWN, AND CARL W. SMITH.

(Filed 12 October, 1949.)

**1. False Imprisonment § 1—**

Ordinarily an officer is protected in serving a warrant for the arrest of an accused named therein even though the warrant is defective, but he may be held liable for a forcible arrest when it appears on the face of the warrant that the offense is beyond the jurisdiction of the magistrate issuing the warrant or that the charge does not constitute a criminal offense.

**2. Same—**

A warrant charging that the person therein named "did unlawfully and willfully trespass against the form of the statute," etc., while defective, is not void, and is insufficient to constitute a basis for an action for false imprisonment against either the officers executing the writ or the person swearing out the warrant.

**3. Arrest § 1 (b)—**

An officer may not make an arrest without a warrant for a misdemeanor not committed in his presence unless expressly authorized to do so by statute, and it is required that the warrant be in the possession of the officer purporting to act thereunder or in the possession of a person acting in conjunction with him.

**4. False Imprisonment § 2—**

The evidence disclosed that a municipal policeman arrested plaintiff at the request of the sheriff of the county, and that the warrant remained in the possession of the sheriff at the time the officer made the arrest some fourteen miles away. *Held:* Nonsuit was improperly entered in plaintiff's action for false arrest and false imprisonment as to the sheriff and the officer making the arrest, but was properly granted as to the person who swore out the warrant.

**5. Same—**

Good faith of the officers in making the arrest cannot be considered on the question of the lawfulness or unlawfulness of the arrest, but only on the question of damages.

**6. Same—**

Defendant was arrested by an officer not having the warrant in his possession, and was turned over to the sheriff who had possession of the warrant. *Held:* Plaintiff in his action for false arrest and false imprisonment is entitled to recover only such actual or compensatory damages as he sustained from the time of his arrest until he was placed in custody of the sheriff.

**7. Malicious Prosecution § 1a—**

The elements of a cause of action for malicious prosecution are (1) the institution of the criminal prosecution, (2) want of probable cause, (3) malice, and (4) termination of the prosecution in favor of the plaintiff.

**8. Malicious Prosecution § 5—**

Withdrawal of criminal prosecution by compromise brought about by the defendant in the criminal prosecution is not such termination of the prosecution as will support an action by him for malicious prosecution.

**9. Malicious Prosecution § 9d—**

In an action for malicious prosecution against complainant who swore out the warrant, the policeman who made the arrest and the sheriff at whose request the arrest was made, evidence as to the withdrawal of the prosecution upon payment of the costs by the complainant, is competent as against all three defendants, and it was error to strike out such evidence as against the sheriff and the policeman.

**10. Appeal and Error § 40i—**

In passing upon plaintiff's exceptions to judgment as of nonsuit, the Supreme Court will not pass upon the credibility or weight the jury should give the evidence, but will consider the evidence in the light most favorable to plaintiff.

**11. Malicious Prosecution § 10—**

Plaintiff's evidence tended to show that he was arrested for trespass when he visited the estranged wife of complainant, that the arrest made by a police officer without the warrant, that the sheriff refused to allow plaintiff bond because of personal animosity, and that the warrant was withdrawn by consent of the issuing magistrate upon the payment of costs by complainant. *Held:* In plaintiff's action for malicious prosecution, the evidence was sufficient to overrule nonsuit as against the sheriff and complainant, but was insufficient as against the officer making the arrest, there being no evidence that the officer had anything to do with the case except to make the arrest at the request of the sheriff.

APPEAL by plaintiff from *Shuford, Special Judge,* at March Term, 1949, of BUNCOMBE.

This is a civil action in which the plaintiff seeks to recover damages for false arrest, false imprisonment and for malicious prosecution.

The defendant G. H. Lindsey and his wife, Eleanor Lindsey, were living separate and apart, having entered into a separation agreement,

12 February, 1947. In May, 1947, Mrs. Lindsey was living in Black Mountain with her two children, a girl 14 and a boy 9, in a house rented by her. The plaintiff had been taking his evening meals with Mrs. Lindsey and on occasions would remain in the house until a late hour. Mrs. Lindsey testified the plaintiff had been paying her $10.00 a week for his evening meals. She also testified that she had never forbidden the plaintiff to come on the premises, but that her husband had protested to her about his presence there; that on one occasion he brought the defendant, Sheriff Lawrence E. Brown, to her home and the sheriff informed her that he would have her and the plaintiff arrested if he (Alexander) did not stay away from her.

The plaintiff testified that on 16 May, 1947, he had gone to the home of Mrs. Lindsey for supper and shortly after his arrival the defendant, Carl W. Smith, came to the Lindsey home and requested him to come outside the house. "Smith said something about a little trouble and I said 'What's the matter, am I under arrest?' and he said 'Let's go,' and I got in the car with him and then I asked 'Where's the warrant?' and he said, 'The Sheriff has got it.' " He was then informed upon his inquiry that he was being arrested for trespassing and that the bond was $200.00. After making some effort to secure a bondsman, he was informed by the defendant Smith that he was not authorized to accept a bond. Whereupon Alexander was turned over to two deputies of the defendant, Sheriff Lawrence E. Brown, and lodged in the Buncombe County jail. It further appears from plaintiff's testimony that prior to his arrest the sheriff had said to him, "Bob if I catch you down at Lindsey's any more I'm going to lock you up, and her too," and when he was asked what for, he replied, "I'll investigate that on the 15th floor of the jail house." And on the morning of 17 May, 1947, the defendant Brown took the plaintiff in his office and said to him, "Oh, yes, I told you I would get you on the 15th floor. . . . I don't have any use for you and you don't have any use for me."

John Brittain testified that while the plaintiff was in jail in Black Mountain he offered to post bond for him, but that the defendant Smith called the defendant Brown over the phone and after having a conversation with him he refused to accept a bond, stating he had no authority to do so; that he would have to contact Sheriff Brown; that on the following day in Asheville, when he did sign the plaintiff's bond, the defendant Brown told him that the trouble between him and the plaintiff was caused by the plaintiff's failure to pay for his board when he had boarded with Brown's mother two or three weeks several years before and his refusal thereafter to support him in a primary campaign.

The warrant introduced in evidence is as follows:

"Grayson H. Lindsey, being duly sworn, complains and says, that at and in said County, on or about the 4th day of May, 1947, Robert Alexander did unlawfully and willfully Trespass against the form of the statute in such case made and provided, and contrary to the law and against the peace and dignity of the State.

"Subscribed and sworn to before me, the 5th day of May, 1947.

(s)   GRAYSON H. LINDSEY.

"E. E. WHITE, J.P.


"State of North Carolina—Buncombe County.

"To Any Constable or other lawful Officer of Buncombe County—Greetings:

"You are forthwith commanded to arrest Robert Alexander, and him safely keep, so that you have him before me, the undersigned Justice of the Peace, at his office in Black Mountain Township, in said County, immediately to answer the above complaint and be dealt with as the law directs.

"Given under my hand and seal, this the 5th day of May, 1947.

(s)   E. E. WHITE, J. P.   (Seal)."


On the back of the warrant there is this return: "Received 17th day of May, 1947, executed and returned for trial on the 17th day of May, 1947, L. E. Brown, Sheriff, by Roy Alexander, Deputy Sheriff."

E. E. White, the Justice of the Peace who issued the warrant, testified that the defendant Robert O. Alexander (the plaintiff herein) was never tried, and that the warrant was withdrawn thereafter "on condition the defendant (the plaintiff herein) refrain from trespassing upon premises occupied by complainant's children"; that two of the brothers of the defendant (the plaintiff herein) assured the Court that Robert O. Alexander would cause no more trouble, whereupon the Court consented to the warrant being withdrawn, and the complainant, G. H. Lindsey, paid the costs and the bondsman was released.

At the close of plaintiff's evidence, the defendants made a motion for judgment as of nonsuit. The motion was allowed as to all defendants on the action based upon false arrest and false imprisonment, and as to the defendants Lawrence E. Brown and Carl W. Smith on the cause of action for malicious prosecution, and judgment signed accordingly. The plaintiff appeals and assigns error.

*Guy Weaver for plaintiff.*
*W. K. McLean, Don C. Young, and Oscar Stanton for defendants.*

DENNY, J.  In order for us to determine the correctness of the ruling below granting the motion for judgment as of nonsuit, on the cause of action for false arrest and false imprisonment, it is necessary to consider certain preliminary questions.  (1) Was the purported warrant, copy of which appears in the record, sufficient to authorize a constable or other lawful officer in Buncombe County to arrest the plaintiff?  (2) Conceding such warrant to be valid, was the arrest made by defendant Carl W. Smith, a policeman of the town of Black Mountain, by direction of Sheriff Brown, illegal, when the sheriff retained the possession of the warrant in Asheville?

Ordinarily an officer is protected in serving a warrant, for the arrest of an accused named therein even though the warrant is defective.  *S. v. Curtis,* 2 N.C. 471; *Welch v. Scott,* 27 N.C. 72; *S. v. Furguson,* 76 N.C. 197; *S. v. James,* 80 N.C. 370; *S. v. Jones,* 88 N.C. 671; *S. v. Dula,* 100 N.C. 423, 6 S.E. 89; *S. v. Gupton,* 166 N.C. 257, 80 S.E. 989; Clark's Criminal Procedure, Section 9, p. 41.  *Ruffin, J.,* said in *Welch v. Scott, supra:* "When the warrant purports to be for a matter within the jurisdiction of the justice (magistrate) the ministerial officer is obliged to execute it, and of course must be justified by it.  He cannot inquire upon what evidence the judicial officer proceeded, or whether he committed an error or irregularity in his decision . . ., the constable has nothing to look to but the warrant as his guide, it follows, that he is justified by the warrant, though not purporting to have been, nor in fact issued on a sworn charge."

In the case of *S. v. Gupton, supra,* the defendant, an officer, was on trial for murder of Charles Snyder, having killed Snyder while attempting to arrest him.  The State contended the warrant under which the officer was purporting to act was void, but this Court held otherwise.  It was pointed out that it is contemplated in the law, that magistrates, not learned in the law, may sometimes issue papers defective in form, and even in substance, but the method of correction is provided by statute. Rev. 1467, now G.S. 7-149, Rule 12.  *S. v. Pool,* 106 N.C. 698, 10 S.E. 1033; *S. v. Smith,* 103 N.C. 410, 9 S.E. 200; *S. v. Smith,* 98 N.C. 747; *S. v. Vaughan,* 91 N.C. 532.  The complaint or accusation in the warrant was held to be but a defective statement, being too general, but the nature of the crime charged sufficiently appeared for the purpose of arrest and to justify the officer in making it.

On the other hand, it has been held that an officer cannot justify an arrest, by force of a warrant issued by a justice of the peace, when it appears on the face of the warrant to be for an offense of which he has no jurisdiction.  *S. v. McDonald,* 14 N.C. 469.  And an action for false arrest will lie for the arrest of a party on a charge which does not con-

stitute a criminal offense. *Rhodes v. Collins,* 198 N.C. 23, 150 S.E. 492; Wharton's Criminal Procedure, Vol. 1, Sec. 31, p. 64.

The warrant under consideration is defective, but not void. It was sufficient to show that the complainant intended to charge a trespass which is a misdemeanor, an offense within the jurisdiction of the magistrate who issued the precept; and when it was executed the detention thereafter was legal, and the defendants cannot be held for false imprisonment after such service or execution.

The second question is more difficult. The overwhelming weight of authority, however, seems to be to the effect that in making an arrest without a warrant for a misdemeanor not committed in the presence of the officer, unless expressly authorized to do so by statute, the officer making the arrest or someone assisting him, must have the warrant in his possession.

In 6 C.J.S. 576, *et seq.,* we find the general rule stated as follows: "The warrant must at the time of the arrest be in the possession of and with the person purporting to act thereunder or of one with whom he is acting in conjunction. . . . Accordingly, when the warrant is at the officer's home some distance from the scene of the arrest (citing *S. v. Beal,* 170 N.C. 764, 87 S.E. 416), or in the hands of another officer who is not at the scene of the arrest, or in the central office of a city detective bureau, the arrest is unlawful." Likewise, in 4 Am. Jur., 19, *et seq.,* it is said: "Under the common law a conservator of the peace has authority to make an arrest without a warrant for a misdemeanor involving a breach of the peace committed in his presence, but not for one not committed in his presence. At common law the right to arrest for a misdemeanor committed in the presence of the officer is confined to those offenses which amount to a breach of the peace, but the distinction is of slight importance today. Statutes in many, if not all, states have enlarged the right of arrest without a warrant, so that arrests may be made by police officers, town marshals, etc., for any offense committed in their presence, including breaches of ordinances and offenses not amounting to a breach of the peace. *In any case, if the offense, though involving a breach of the peace, is not committed in the officer's presence, he cannot arrest without a warrant."* (Italics ours.)

There is a distinct difference in the right to arrest for the commission of a felony without a warrant, and the right to arrest for the commission of a misdemeanor. In this jurisdiction any person "in whose presence a felony has been committed may arrest the person whom he knows or has reasonable grounds to believe to be guilty of such offense," without a warrant, and it is the "duty of any sheriff, coroner, constable or officer of the police, upon information, to assist in such arrest." G.S. 15-40. And G.S. 15-41 reads as follows: "Every sheriff, coroner, constable, offi-

cer of police, or other officer, entrusted with the care and preservation of the public peace, who shall know or have reasonable ground to believe that any felony has been committed, or that any dangerous wound has been given, and shall have reasonable ground to believe that any particular person is guilty, and shall apprehend that such person may escape if not immediately arrested, shall arrest him without warrant, and may summon all bystanders to aid in such arrest." It is further provided in G.S. 15-42 : "When a felony is committed in any county in this State, and upon the commission of the felony, the person or persons charged therewith flees or flee the county, the sheriff of the county in which the crime was committed, and/or his bonded deupty or deputies, either with or without process, is hereby given authority to pursue the person or persons so charged, whether in sight or not, and apprehend and arrest him or them anywhere in the State."

But arrests for misdemeanors without a warrant are limited strictly to certain misdemeanors committed in the presence of the party making the arrest. And unless expressly authorized by law, such arrests can only be made for a breach of the peace as defined in G.S. 15-39, which provides : "Every person present at any riot, rout, affray, or other breach of the peace, shall endeavor to suppress and prevent the same, and, if necessary for that purpose, shall arrest the offenders."

Special laws have been enacted from time to time extending the power to arrest without a warrant. The police officers in many of our towns and cities are authorized to arrest a person *violating any town ordinance in his presence, even when it does not amount to a breach of the peace.* See 15 N.C. Law Rev. 101, where many of the local statutes are cited. A bank examiner is authorized to make arrests without a warrant under certain circumstances. G.S. 53-121. State forest wardens may arrest certain violators without a warrant. G.S. 113-49. Arrests may be made without a warrant when an officer has evidence that liquor is being illegally transported. G.S. 18-6. *S. v. Campbell,* 182 N.C. 911, 110 S.E. 86; *S. v. Simmons,* 183 N.C. 684, 110 S.E. 591; *S. v. Godette,* 188 N.C. 497, 125 S.E. 24; *S. v. Jenkins,* 195 N.C. 747, 143 S.E. 538. And we have a number of other statutes authorizing arrests without a warrant, under certain circumstances, but we know of no modification of the common law rule which would authorize the arrest of this plaintiff on a charge of simple trespass, without a warrant. *S. v. Rogers,* 166 N.C. 388, 81 S.E. 999; *S. v. Campbell,* 107 N.C. 948, 12 S.E. 441. See also 6 C.J.S. 593, and the numerous authorities cited therein. Furthermore, it was held in the case of *Wilson v. Mooresville,* 222 N.C. 283, 22 S.E. 2d 907, that where a misdemeanor is committed in the presence of a police officer, such officer is not authorized to pursue and arrest the offender beyond the territorial limits in which he is authorized by law to make arrests.

Naturally the question arises as to whether or not these defendants are aided by the existence of a warrant in the hands of one of the defendants in Asheville, while the arrest took place in Black Mountain. The defendant Carl W. Smith, acted at the request of one of his codefendants who was the Sheriff of Buncombe County, and the Sheriff could not legally do by another what he could not do himself. He was not authorized to make the arrest without a warrant, and therefore could not authorize another to do so. And the existence of the warrant in the possession of the Sheriff in Asheville would not authorize a policeman in the town of Black Mountain, about fourteen miles away, to arrest the plaintiff for a misdemeanor without a warrant. *McCullough· v. Greenfield,* 133 Mich. 463, 95 N.W. 532, 62 A.L.R. 906; *Kratzer v. Matthews,.* 233 Mich. 452, 206 N.W. 982; *Giddens v. State,* 154 Ga. 54, 113 S.E. 386; *Hunter v. Laurent,* 158 La. 874, 104 So. 747. This Court held in *Meeds v. Carver,* 30 N.C. 298, that where a defendant was in jail under one process and the sheriff requested that he be detained until he could see· the jailer who was his deputy, that a detention after he was entitled to his. release under the original process, was not unlawful, since the sheriff had another process, authorizing his detention, although the jailer nor the· prisoner knew of the existence of the additional process at the time of his detention.

Likewise, it has been held that when a known officer has two warrants: in his hands, the one legal and the other illegal, and he declares that the arrest is made by virtue of the illegal warrant, he cannot be held for false arrest or imprisonment, for the lawfulness of the arrest depends not on what he declared, but on the sufficiency of the authority which he actually had. *S. v. Kirby,* 24 N.C. 201.

But in the case of *S. v. Beal,* 170 N.C. 764, 87 S.E. 416, where the· warrant was at the home of the deputy sheriff about one-half mile from where the arrest was made, and the party arrested made no point of the fact that the· officer did not have the warrant, a third party, a brother of the arrested man, demanded the warrant and assaulted the officer : *Held,* he had no right to demand the warrant. However, *Walker, J.,* in speaking for the Court, said : "We must not be understood as justifying this or any other officer in arresting without a warrant, except where allowed by law. An officer should obey the law as well as other persons, and, when he does so, the law will protect him while in the execution of its process."

We think the arrest of the plaintiff was unlawful. Even so, he did not demand the production of the warrant, but merely inquired as to where it was and upon being advised that it was in the possession of the Sheriff in Asheville, he made no request for his release, other than to be given the opportunity to post bond. The good faith of these appellees cannot be

considered on the question of the lawfulness or unlawfulness of the arrest, but may be considered on the question of damages. *Rhodes v. Collins, supra; Caudle v. Benbow,* 228 N.C. 282, 45 S.E. 2d 361. Therefore, plaintiff would be entitled to recover only such actual or compensatory damages as he sustained from the time of his arrest until he was placed in the custody of the Sheriff of Buncombe County, who had possession of the warrant, which did authorize his arrest.

We think his Honor committed error in allowing the motion for judgment as of nonsuit as to the defendants Brown and Smith, but not as to the defendant Lindsey, on the cause of action for false arrest and false imprisonment.

We now consider the cause of action for malicious prosecution. To establish such cause of action the plaintiff must prove: (1) That the defendants instituted or procured the institution of the criminal prosecution against him; (2) that the prosecution was without probable cause; (3) that it was with malice; and (4) that it was terminated in favor of the plaintiff herein. *Mooney v. Mull,* 216 N.C. 410, 5 S.E. 2d 122; *Perry v. Hurdle,* 229 N.C. 216, 49 S.E. 2d 400. But where the criminal action is withdrawn or terminated by compromise brought about by the defendant, an action for malicious prosecution based thereon, will not lie. *Welch v. Cheek,* 125 N.C. 353, 34 S.E. 531.

The plaintiff excepts and assigns as error the ruling of the trial judge in striking out the evidence as to how the criminal proceedings terminated, as against the defendants Brown and Smith. *Perry v. Hurdle, supra.* The exception was well taken and will be sustained.

We do not pass upon the credibility or weight the jury should give to the evidence in any case; but on a motion for judgment as of nonsuit, it is well settled that we must consider such evidence in the light most favorable to the plaintiff. *Garrett v. Garrett,* 229 N.C. 290, 49 S.E. 2d 643; *Pascal v. Transit Co.,* 229 N.C. 435, 50 S.E. 2d 538; *Bundy v. Powell,* 229 N.C. 707, 51 S.E. 2d 307. And when the plaintiff's evidence is so considered, we think it is sufficient to carry the case to the jury as against the defendants Lawrence E. Brown and G. H. Lindsey, but not sufficient to do so as against the defendant Carl W. Smith. There is no evidence in this record that the defendant Smith had anything to do with this case except to arrest the plaintiff at the request of his codefendant, Lawrence E. Brown, and to turn him over to the Sheriff's deputies.

Therefore, the ruling of the trial judge in granting the motions for judgment as of nonsuit as to all the defendants on the first cause of action, that is for false arrest and false imprisonment, is reversed as to the defendants Lawrence E. Brown and Carl W. Smith, and affirmed as to G. H. Lindsey. On the second cause of action for malicious prosecution, the ruling of his Honor in granting a nonsuit as to the defendants Brown

and Smith, is reversed as to the defendant Brown and affirmed as to the defendant Smith.

Affirmed in part.

Reversed in part.