State v. Robinson

STATE OF NORTH CAROLINA v. MALLIE ROBINSON

No. 7214SC412

(Filed 28 June 1972)

Arrest and Bail § 3; Criminal Law § 84; Searches and Seizures § 1— unlawful arrest without warrant — misdemeanor — search at arrest scene

The arrest of defendant for the misdemeanor of assault on a female not committed in the presence of an arresting officer by officers who knew that a warrant had been issued but who did not have the warrant in their possession was unlawful; consequently, a search of defendant at the arrest scene was unlawful, and defendant's motion to suppress all evidence obtained by the search should have been allowed. G.S. 15-41.

APPEAL by defendant from *Cooper, Judge,* 10 January 1972 Session of Superior Court held in Durham County.

Defendant was indicted for illegal possession of the narcotic drug heroin. He pleaded not guilty, was found guilty by the jury, and from judgment imposing prison sentence, appealed.

*Attorney General Robert Morgan by Staff Attorney Donald A. Davis for the State.*

*Loflin, Anderson & Loflin by Thomas F. Loflin III for defendant appellant.*

PARKER, Judge.

This appeal questions the validity of the search of defendant's person which resulted in discovery of heroin in his jacket pocket. On the afternoon of 7 October 1971 two City of Durham police officers in a patrol car observed defendant riding as a passenger in a car being driven on a city street by one Johnson, for whom the officers held arrest warrants. When the car stopped at a filling station, the officers pulled in behind it. About that time two additional police officers arrived and Johnson was placed under arrest. Officer Thompson testified that the officers also had an arrest warrant for the defendant Robinson and that the purpose of the officers in stopping Johnson and Robinson was to serve the warrants on them. The officers placed defendant under arrest, "warned him of his rights," searched him, and found the heroin in his jacket pocket. Officer Thompson's testimony revealed that at the time this occurred defendant was cooperative with the officers and that

no weapons were found on defendant's person or in the car in which he had been riding with Johnson.

Defendant moved to suppress all evidence obtained by the search, whereupon the trial judge conducted a *voir dire* examination in which the officers testified to the following: On 17 July 1971 a warrant had been issued on complaint of defendant's wife charging him with assault on a female. This offense had not been committed in the presence of any officer. When the officers arrested and searched defendant at the filling station, they knew about this warrant but did not have it with them. At that time the warrant was at the police station. It was subsequently served on the defendant at the detective bureau after he was brought there following his arrest and search at the filling station.

Defendant's motion to suppress all evidence obtained by the search should have been allowed. Initially, it should be noted that nothing in the record suggests, and the State does not contend, that the police in this case were making "a reasonable investigatory stop" or that they had reason to believe that defendant was armed and dangerous, so as to make a "limited protective search for concealed weapons" lawful under the decisions in *Terry v. Ohio,* 392 U.S. 1, 20 L.Ed. 2d 889, 88 S.Ct. 1868, or *Adams v. Williams,* 407 U.S. 143 (decided 12 June 1972). Therefore, absent a search warrant, search of defendant's person in this case was lawful only if made incident to a lawful arrest.

On the facts disclosed by this record, defendant's arrest at the filling station was not lawful. Defendant had been charged with assault on a female, a misdemeanor. G.S. 14-33. Admittedly, this offense had not been committed in the presence of an arresting officer and no arresting officer professed to have reasonable ground to believe that defendant had committed in his presence any felony or misdemeanor. Therefore, the provisions of G.S. 15-41, which authorize a peace officer to arrest without a warrant in certain cases, were not applicable. There was no evidence of any "riot, rout, affray or other breach of the peace," such as to bring G.S. 15-39 into play. Thus, defendant's arrest can be held lawful only if it was lawfully made under the warrant which charged him with a misdemeanor not committed in the presence of an arresting officer. For an arrest under that warrant to be valid, it was necessary that the warrant be in possession of the arresting officer, or of someone

present and assisting him, at the time and place the arrest was made. *Alexander v. Lindsey,* 230 N.C. 663, 55 S.E. 2d 470. Such was not the case.

Appellant's remaining assignment of error, directed to the trial court's ruling that the State's witness, Evans, was an expert in the field of forensic chemistry, we find without merit. However, for error in overruling defendant's motion to suppress evidence obtained by the unlawful search and admitting such evidence over defendant's objection, defendant is entitled to a

New trial.

Judges BRITT and HEDRICK concur.