STATE v. LEWIS JAMES.

*Assault and Battery—Justification under process.*

1. The protection afforded by a precept regularly issued to an officer for the arrest of a party charged with crime, extends to all who aid in its execution.

2. Where a defendant in an indictment for an assault accompanied an officer to identify the party charged, and it was alleged that the precept was based upon a false affidavit made by defendant; *Held*, that he was not guilty.

3. The guilt or innocence of the party charged, or the false evidence on which the precept was based, does not impair its authority.

(*Meeds* v. *Carver*, 8 Ire., 298, cited and approved.)

INDICTMENT for Assault and Battery tried at August Term, 1878, of NEW HANOVER Criminal Court, before *Meares, J.*

The facts appear in the opinion of this court delivered by THE CHIEF JUSTICE. Upon the special verdict His Honor held the defendant guilty. Judgment. Appeal by defendant.

*Attorney General,* for the state.
*Mr. D. L. Russell,* for the defendant.

SMITH, C. J.   The defendant is charged in the usual form with having committed an assault and battery upon one L. V. Smith, and in a special verdict, the jury found the following facts:

That the defendant went with one C. W. Oldham, an officer, to the county of Onslow to execute the warrant from Harris, J. P., the copy of which, together with the affidavit, is set out and made part of the verdict ; that the defendant accompanied the said officer for the purpose of identifying the person described in the warrant, and did identify him as the Miles Smith who had committed the murder charged in the warrant, and did point him out to the officer as the man who was charged with the murder in South Carolina ; that Smith who was arrested was known by the name of L. V. Smith, and that the Smith who was so arrested is the person who was intended to be arrested by the person who made the affidavit on which the warrant issued ; that the defendant is the person who made the affidavit, and that the Smith arrested is not the man who committed the murder in South Carolina.

We are at a loss to discover any ground upon which the court could adjudge the defendant guilty of an assault and battery upon the facts thus ascertained.   In the brief argument before us, no view of the case was presented to sustain the ruling of the judge, nor after a diligent examination of the record has any such suggested itself to us.

The warrant was issued, upon affidavit for the arrest of

the person alleged to have been assaulted, by a justice of the peace having full jurisdiction, was made effective by the endorsement of a justice of the county of Onslow, wherein the defendant was found, as provided by law, and executed by the arrest of the very person described in the process and identified by the defendant and without any excess of force. Bat. Rev., ch. 38, §§ 9, 10, 13. So far as we can discover from the record, justification under the precept was denied to the defendant on account of his false oath in charging the accused with the homicide. But it is quite plain that the guilt or innocence of a party charged with crime, or the false evidence on which the precept for his arrest was based, cannot impair the authority which the precept conveys to make the arrest. And the protection which it affords is not restricted to the officer to whom it is directed, but equally extends to all who may aid him in its execution. If the warrant issued from competent authority and the extraterritorial efficacy provided by the statute is imparted to it in the county wherein the accused party was arrested, the justification is full to the officer and all who co-operated with him, and no enquiry is admissible into the circumstances under which it was issued. Obedience to the commands of a lawful precept cannot itself be an offence. Nor does the lawfulness of an arrest depend on what an officer says, but upon the authority he has to do the act. So far has this principle been carried, that when a deputy made an arrest under process which did not justify and at the same time his principal held a precept which did, this latter was held to protect both from an action for false imprisonment. *Meeds* v. *Carver*, 8 Ire., 298. Whatever redress the wrongfully accused party may have against the defendant, in an action for malicious prosecution, and whatever punishment may be incurred by him for his false evidence given in the prosecution, these can in no manner impair the protection afforded by the warrant to those who assist in its execution.

There is error. This will be certified to the end that judgment be given in the court below according to this opinion.
Error.                                          Reversed.