### STATE v. JOHN DITMORE.

(Filed 27 May, 1919.)

**Arrest—Sheriffs and Constables—Officers—Summons to Assist—Disobedience—Criminal Law—Misdemeanor—Statutes.**

One willfully disobeying an order to assist in making an arrest, given by one he knows to be an officer duly authorized to make it, is guilty of a misdemeanor within the intent and meaning of our statute (Revisal, sec. 3701), such officer not being required to give the one so summoned the name of the party to be arrested or any other information concerning the matter.

APPEAL by the State from *McElroy, J.,* at September Term, 1919, of GRAHAM, from a judgment upon this special verdict:

"On the first day of September, 1918, J. A. Ammons, sheriff of Graham, had in his possession a *capias* with him, which was issued from the Superior Court of Graham on a bill of indictment, commanding him to arrest one Mack Burchfield; that he took Sherman Crisp and

eight others with him and started to the home of said Burchfield to make the arrest, and on the way they passed the defendant in the road; that he told the defendant that he would have to summon him to go and help arrest some parties for whom he had a warrant, but did not tell who the parties were; that the defendant stated he did not want to go, whereupon the sheriff told him that if he did not go he would have to arrest him and take him; thereupon the defendant started with the sheriff and those who accompanied him and went for a short distance until he came near to his house, when he left the party and went in the direction of his house; that the sheriff, upon being told that he had gone, went to his house and made a search for him, but failed to find him."

The court, being of the opinion that in order to constitute a legal summons it was necessary that the sheriff should have told the defendant who it was that he was going to arrest, adjudged that the defendant was not guilty, and the verdict was so entered; to which the solicitor for the State excepted and appealed.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*
*T. M. Jenkins for defendant.*

CLARK, C. J.   Rev., 3701, provides: "If any person, after having been lawfully commanded to aid an officer in arresting any person, or in retaking any person who has escaped from legal custody, or in executing any legal process, willfully neglects or refuses to aid such officers, he shall be guilty of a misdemeanor."

The essential elements of the offense defined in the above section are that the defendant, when commanded to aid an officer in arresting any person, or in retaking any person escaped from legal custody, or in executing any legal process, should wilfully neglect or refuse to aid such officer.   These facts all appear in the above special verdict.   As is said in Bishop New Cr. Proc. (2 Ed.), sec. 185: "An officer who is making an arrest, either with or without a warrant, or securing his prisoner afterward, may, if he deems it necessary, call upon a bystander for help, or even command the aid of all persons in his precinct.   A refusal is indictable, provided he is proceeding by lawful authority; or if he is not, his command will be a justification to one who, knowing his official character, comes in good faith to his assistance."

The statute does not require that the person so summoned by the officer to aid in the arrest should be informed as to the court from which the process issued, or the nature of the offense, or the name of the party to be arrested.   Whether or not he had knowledge of these

38—177

matters, it would in no wise affect his duty to obey the summons of the officer. It is sufficient if the officer is a lawful officer and has summoned the defendant to assist him in making the arrest.

"The duty of the citizen to aid the officer is absolute. His obligation to come to the aid of the sheriff (or other officer) is just as imperative as that imposed on the latter, to see that the community suffer no harm from licentiousness." 2 Wharton Cr. Law (11 Ed.), sec. 856.

"The protection afforded by a precept regularly issued to an officer for the arrest of a party charged with crime extends to all who aid in its execution." *S. v. James,* 80 N. C., 370; *S. v. McMahan,* 103 N. C., 382. In *Watson v. State,* 83 Alabama, 60, it is said: "A sheriff or other lawful officer may require any bystander to assist him in making arrest, and a refusal to assist him is a criminal offense. Though the officer may be a trespasser in making the arrest, as by arresting one person under a warrant of arrest for another, a bystander assisting him on demand, knowing his official character, is not criminally responsible."

On an occasion of this kind there is not usually time, and it is certainly not necessary for the officer to have a conference with the person summoned to aid in making an arrest and convince him that the process is lawful, and the nature of the offense, or whether the defendant therein is guilty, or the name of the party sought to be arrested. It is sufficient that the officer is a lawful officer and is proceeding by lawful authority, and even if he is not, as said by *Bishop, supra,* the command of the officer "will be justification to one who, knowing his official character, comes in good faith to his assistance."

As was said in *S. v. James, supra,* "The guilt or innocence of the party charged, or the false evidence on which the precept was based, does not impair this authority." *Meeds v. Carver,* 30 N. C., 298.

To the person summoned by a lawful officer to come to his aid in making an arrest it is absolutely immaterial and irrelevant what is the name of the party to be arrested or the nature of the offense.

"It is not for him to ask the reason why."

It is his duty as a good citizen, and in obedience to the authority of the State as represented by a lawful officer, to aid in the arrest.

Upon the special verdict the defendant should have been adjudged guilty.

The case will be remanded to the end that such judgment shall be rendered upon the facts found, and the court will impose the sentence of the law. *S. v. Ewing,* 108 N. C., 755; *S. v. Robinson,* 116 N. C., 1048.

Reversed.