STATE v. THURSTON BROWN.

(Filed 7 April, 1965.)

**1. Arrest and Bail § 2—**

   A warrant charging defendant with wilfully refusing to aid an officer in arresting a person having committed the crime of trespass fails to charge

an offense, since G.S. 15-41, as rewritten in 1955, withdrew the authority of an officer to call bystanders to his aid, and G.S. 15-45 does not include trespass as one of the offenses for which an officer may summon help to make an arrest, and the right to require aid in making an arrest for a simple trespass does not exist under the common law.

**2. Statutes § 5—**

A criminal statute must be strictly construed in favor of the accused.

**3. Criminal Law §§ 121, 139—**

The Supreme Court will take notice of a fatal defect appearing upon the face of the warrant.

APPEAL by defendant from *Carr, J.,* September, 1964 Criminal Session, WARREN Superior Court.

This criminal prosecution originated in the recorder's court of Warren County upon a warrant based on affidavit which charged: "(T)hat at and in said county, on or about the 31st day of March, 1964, Thurston Brown did unlawfully and willfully neglect and refuse to aid an officer, to-wit, James H. Hundley, Sheriff of Warren County, in arresting certain persons, whose names are unknown to the State, said persons having committed the crime of trespass in the presence of said officer, the said Thurston Brown then and there having been lawfully commanded by the said James H. Hundley, Sheriff of Warren County, to aid him in arresting said persons, against the form of the statute in such case made and provided, and contrary to the law and against the peace and dignity of the State."

From a verdict of guilty entered by the Recorder's Court and a judgment that the defendant be confined in the county jail for 60 days, suspended on condition he be of good behavior for two years and pay a fine of $100.00 and costs, the defendant appealed to the Superior Court.

In the Superior Court the defendant entered a plea of not guilty to the charge contained in the warrant. The jury returned a verdict of guilty. From a judgment that the defendant pay a fine of $25.00 and costs, he appealed to the Supreme Court.

*T. W. Bruton, Attorney General, Richard T. Sanders, Assistant Attorney General, for the State.*

*T. T. Clayton, Samuel S. Mitchell, W. G. Pearson, II, J. LeVonne Chambers for defendant appellant.*

HIGGINS, J. The warrant which is the basis of this prosecution charges or attempts to charge, the offense contained in G.S. 14-224:

"*Failing to aid police officers.* — If any person, after having been lawfully commanded to aid an officer in arresting any person, or

in retaking any person who has escaped from legal custody, or in executing any legal process, wilfully neglects or refuses to aid such officer, he shall be guilty of a misdemeanor."

The foregoing statute has been in effect since 1889. This Court, in the opinion by Clark, C. J., in *State v. Ditmore,* 177 N.C. 592, 99 S.E. 368, states: "It is his duty as a good citizen, and in obedience to the authority of the State as represented by a lawful officer, to aid in the arrest." At the time the sheriff summoned Ditmore he had a capias for the arrest of one Crisp. In the case at bar, at the time Sheriff Hundley attempted to call the defendant to aid in the arrest of unknown persons for the crime of trespass, March 31, 1964, he did not have any process or order for arrest. The State contends the trespass was being committed in the presence of the Sheriff and, hence, he was authorized to make the arrest without a warrant or other process.

Prior to the opinion of this Court in *State v. Mobley,* 240 N.C. 476, 83 S.E. 2d 100, decided July 9, 1954, G.S. 15-41 provided:

> "*When officer may arrest without warrant.* — Every sheriff, coroner, constable, officer of police, or other officer, entrusted with the care and preservation of the public peace, who shall know or have reasonable ground to believe that any felony has been committed, or that any dangerous wound has been given, and shall have reasonable ground to believe that any particular person is guilty, and shall apprehend that such person may escape if not immediately arrested, shall arrest him without warrant, and may summon all bystanders to aid in such arrest."

Such had been the law since 1868 and was in effect at the time *State v. Ditmore* was decided, May 27, 1919. However, at the first session of the General Assembly after the decision in *State v. Mobley, supra,* G.S. 15-41 was rewritten, effective as of February 15, 1955:

> "*When officer may arrest without warrant.* — A peace officer may without warrant arrest a person:
>
> (a)   When the person to be arrested has committed a felony or misdemeanor in the presence of the officer, or when the officer has reasonable ground to believe that the person to be arrested has committed a felony or misdemeanor in his presence;
>
> (b)   When the officer has reasonable ground to believe that the person to be arrested has committed a felony and will evade arrest if not immediately taken into custody."

The section as rewritten extended the power of an officer to make an arrest without a warrant for any offense committed in his presence.

The Act which gave the officer authority (which he did not theretofore have) to arrest for any misdemeanor, withdrew the authority to call bystanders to his aid. Therefore, the authority to call for assistance in making arrest was withdrawn except as authorized by G.S. 15-45, which provides:

> *"Persons summoned to assist in arrest.* — Every person summoned by a judge, justice, mayor, intendent, chief officer of any incorporated town, sheriff, coroner or constable, to aid in suppressing any riot, rout, unlawful assembly, affray or other breach of the peace, or to arrest the persons engaged in the commission of such offenses, or to prevent the commission of any felony or larceny which may be threatened or begun, shall do so."

Trespass is not within the authorized offenses embraced in G.S. 15-45.

The provision authorizing the arresting officer to summon aid having been stricken from G.S. 15-41, and not being embraced within the provisions of G.S. 15-45, no other statutory authority is found authorizing the officer to call bystanders. If, therefore, the authority exists, it does so under the common law and not by virtue of statute. Does it exist at common law?

"In cases of misdemeanor a peace officer, like a private person, has at common law no power of arresting without a warrant, except when a breach of the peace has been committed in his presence or when there is reasonable ground for supposing that a breach of the peace is about to be committed or renewed in his presence." Halsbury's Laws of England, (3rd Ed., 1955), Vol. 10; Criminal Law and Procedure, p. 345 (cases are cited in n (1)); see to the same effect: *Alexander v. Lindsey,* 230 N.C. 663, 55 S.E. 2d 470; *State v. Belk,* 76 N.C. 10; 6 C.J.S., Arrest, § 6; 1 Bishop, New Criminal Procedure, § 183 (1913); Clark, Criminal Procedure, (1st Ed., 1895), p. 40; 4 Wharton's Criminal Law and Procedure, § 1597, p, 247 (1957); Machen, Arrest Without Warrant In Misdemeanor Cases, 33 N.C.L.R. 17, 18 (1954); 7 N.C.L.R. 67.

This Court said in *Alexander v. Lindsey,* 230 N.C. 663, 55 S.E. 2d 470: "And we have a number of other statutes authorizing arrests without a warrant, under certain circumstances, but we know of no modification *of the common law rule which would authorize the arrest of this plaintiff on a charge of simple trespass, without a warrant."* (emphasis added).

The Legislature, in striking from G.S. 15-41 the authority of an officer in a simple misdemeanor to call for assistance in making an arrest was mindful of the changes which have taken place in law enforcement since the remote time when the peace officer needed authority to assemble a *posse comitatus* to aid in keeping the peace and in pursuing

and arresting felons. 1 Blackstone Commentaries, 343. Now a peace officer, in need of help, may by telephone and radio summon highway patrol, rural and city policemen, the sheriff and his deputies, who in high-powered vehicles with two-way communication systems, will converge in moments at the place of need. Well trained and heavily armed peace officers rather than unarmed bystanders offer better security. The bystander need respond only to a legal demand on the part of the officer.

From the foregoing authorities we conclude that G.S. 15-41, as rewritten in 1955, authorized Sheriff Hundley to arrest anyone committing the crime of trespass in his presence; nevertheless, the statute withdrew the authority to call for assistance in making the arrest. That authority was, therefore, withdrawn from the statute. G.S. 15-45, though still in effect, does not include *trespass* as one of the offenses for which an officer may summon help to make an arrest.

Courts are charged with the duty of construing criminal statutes strictly. This rule does not permit us to extend the power of arrest, or the right of the arresting officer to summon aid, beyond the statutory authority when strictly construed in favor of the accused. *State v. Garrett,* 263 N.C. 773, 140 S.E. 2d 315; *State v. Humphries,* 210 N.C. 406, 186 S.E. 473.

We conclude, therefore, that Sheriff Hundley neither by statute nor by common law could lawfully command the defendant to assist him in arresting for trespass. The defect appears upon the face of the warrant which must be interpreted in the light of applicable law. This disposition requires that the judgment be arrested for failure of the warrant to charge a criminal offense.

Judgment arrested.