STATE OF NORTH CAROLINA v. THOMAS BRUNSON, JR.

No. 8014SC1010

(Filed 7 April 1981)

1. **Indictment and Warrant § 15– motion to dismiss indictment – timeliness**
    Defendant's motion to dismiss the indictment on the ground that it failed to charge a crime was timely although it was not made until the close of the evidence. G.S. 15A-952(d); G.S. 15A-954(a) and (c).

2. **Receiving Stolen Goods § 2– receiving stolen credit card – indictment**
    When a defendant is charged with a violation of the receiving portion of the financial transaction card theft statute, G.S. 14-113.9(a)(1), it must be alleged that he received a card from a third party who also intended to use it.

APPEAL by defendant from *Battle, Judge*. Judgment entered 12 June 1980 in Superior Court, DURHAM County. Heard in the Court of Appeals 4 March 1981.

Defendant was tried for financial transaction card theft. The jury convicted him of the charge, and the trial court sentenced him to imprisonment. Defendant appeals.

*Attorney General Edmisten, by Associate Attorney General Steven F. Bryant, for the State.*

*Gary K. Berman for defendant appellant.*

MARTIN (Harry C.), Judge.

The indictment upon which defendant was tried reads, in pertinent part, as follows:

THE JURORS FOR THE STATE UPON THEIR OATH PRESENT that on or about the 23rd day of February, 1980, in Durham County Thomas Brunson, Jr. unlawfully and wilfully did feloniously receive an Exxon credit card issued to J.V. Turner, bearing card number 366-837-797-5, with an expiration date of 04-80, and issued by Exxon Corporation. The defendant was not entitled to this card and he intended to use it. At the time of receiving the credit card, the defendant knew that a person had unlawfully, wilfully, and feloniously taken, obtained, and withheld the credit card from the person, possession, custody, and control of J.V. Turner without [the] consent of J.V. Turner.

At the close of evidence, defendant moved to dismiss the indictment on grounds that it failed to charge a crime. The motion was denied and this ruling is the subject of defendant's first assignment of error. We sustain the assignment.

[1] Initially, we note that defendant's motion to dismiss was timely, although it was not made until the close of evidence. N.C.G.S. 15A-952(d) provides: "Motions concerning jurisdiction of the court or the failure of the pleading to charge an offense may be made at any time." Further, N.C.G.S. 15A-954(a) provides: "The court on motion of the defendant must dismiss the charges stated in a criminal pleading if it determines that: ... (10) The pleading fails to charge an offense as provided in G.S. 15A-924(e)." Subsection (c) of this statute provides: "A motion

to dismiss for the reasons set out in subsection (a) may be made at any time." We now turn to the merits of the motion.

[2] Financial transaction card theft is defined by N.C.G.S. 14-113.9(a). We are here concerned with subsection (a) (1) of the statute. Our Supreme Court examined this subsection in *State v. Springer*, 283 N.C. 627, 197 S.E. 2d 530 (1973). Justice Huskins wrote:

Defendant is charged with unlawfully, willfully and feloniously withholding a credit card from Mabel L. Long, the cardholder, in violation of G.S. 14-113.9(a)(1). That subsection reads as follows:

"§ 14.113.9. *Credit card theft.* — (a) A person is guilty of credit card theft when:

(1) He takes, obtains or withholds a credit card from the person, possession, custody or control of another without the cardholder's consent or who, with knowledge that it has been so taken, obtained or withheld, receives the credit card with intent to use it or to sell it, or to transfer it to a person other than the issuer or the cardholder."

Acts dealing with credit card crimes have been enacted in nearly all states in recent years. In defining credit card theft, the majority of these acts have been drafted with much greater clarity than ours. Georgia and Virginia have followed our statute almost verbatim. See Georgia Code Ann. § 26-1705.2 (1972); Virginia Code Ann. § 18.1-125.3 (Supp. 1972). The better drafted version enacted in many states is illustrated by Arizona Stat. Ann. § 13-1073A (Supp. 1972).

Our statute almost defies analysis. Apparently, an accused may violate G.S. 14-113.9(a)(1) in four distinct ways. *Compare* State v. Albarty, 238 N.C. 130, 76 S.E. 2d 381 (1953). He may (1) *take*, (2) *obtain*, or (3) *withhold* a credit card from the person, possession, custody or control of another without the cardholder's consent; or (4) he may receive a credit card with intent to use it or sell it or transfer it to some person other than the issuer or cardholder, knowing at the time that the card had been so taken,

obtained or withheld. A person violating G.S. 14-113.9(a)(1) in any of the four enumerated ways is guilty of credit card theft. Of course, a person who commits the acts proscribed by G.S. 14-113.9(a)(2), (3) and (4) is also guilty of credit card theft.

*Id.* at 631-32, 197 S.E. 2d at 534.

N.C.G.S. 14-113.9(a)(1) was rewritten effective 1 August 1979, well before the time involved in this case. The General Assembly substituted the phrase "financial transaction card" for "credit card" and inserted the phrase "and with the intent to use it" near the middle of the subsection. 1979 N.C. Sess. Laws ch. 741, § 1. The subsection now reads:

§ 14-113.9. Financial transaction card theft. — (a) A person is guilty of financial transaction card theft when:

(1) He takes, obtains or withholds a financial transaction card from the person, possession, custody or control of another without the card-holder's consent and with the intent to use it; or who, with knowledge that it has been so taken, obtained or withheld, receives the financial transaction card with intent to use it or to sell it, or to transfer it to a person other than the issuer or the cardholder ...

The statute may still be violated in four ways: one may (1) take, (2) obtain or (3) withhold a financial transaction card from the person, possession, custody or control of another without the cardholder's consent and with the intent to use it; or one may (4) receive a financial transaction card with intent to use it or sell it or transfer it to a person other than the issuer or cardholder, knowing at the time that the card has been *so* taken, obtained or withheld, *i.e.*, knowing at the time he received it that another person had taken, obtained or withheld the card from the person, possession, custody or control of another without the cardholder's consent *and* with the intent to use it. Thus, the necessary implication from the use of the qualifier "so" is that when a defendant is charged with a violation of the *receiving* portion of the statute, he must have received a card from a third party who also intended to use it. Although this interpretation hinges upon a linguistic technicality, criminal laws must be strictly construed in favor of the defendant. *State v. Ross*, 272 N.C. 67,

157 S.E. 2d 712 (1967); *State v. Brown*, 264 N.C. 191, 141 S.E. 2d 311 (1965); *State v. Martin*, 7 N.C. App. 532, 173 S.E. 2d 47 (1970). Justice Huskins' pronouncement remains true — the statute almost defies analysis.

The indictment herein attempts to charge defendant under the receiving portion of the subsection. In order to charge receiving under the present wording of the statute, it must be alleged, among other elements, that at the time of receipt the defendant knew that the financial transaction card had been taken, obtained or withheld from the person, possession, custody or control of another without the cardholder's consent *and* with the intent to use it. The present indictment alleges: "At the time of receiving the credit card, the defendant knew that a person had unlawfully, wilfully, and feloniously taken, obtained, and withheld the credit card from the person, possession, custody, and control of J.V. Turner without [the] consent of J.V. Turner." The indictment fails to allege that the defendant knew that the card had been taken, obtained or withheld *with the intent to use it*, an essential element of the crime for which defendant was tried. The indictment thus fails to charge a crime, and defendant's motion to dismiss should have been allowed. N.C. Gen. Stat. 15A-924(a)(5) and (e). *See also State v. Morgan*, 226 N.C. 414, 38 S.E. 2d 166 (1946). The state may, if it so elects, proceed against defendant upon a sufficient bill of indictment. *State v. Ingram*, 271 N.C. 538, 157 S.E. 2d 119 (1967). We find it unnecessary to discuss defendant's remaining arguments.

Judgment arrested.

Judges CLARK and ARNOLD concur.