STATE OF NORTH CAROLINA v. ROSE RICHARDSON

No. 553PA82

(Filed 8 March 1983)

**Prostitution § 2— crime of prostitution not including the sexual act of masturbation for hire**

The Court of Appeals misconstrued the definition of prostitution, as found in G.S. 14-203 and prohibited by G.S. 14-204, by including within that definition the sexual act of masturbation for hire.

ON defendant's petition for discretionary review of the decision of the Court of Appeals, 58 N.C. App. 822, 295 S.E. 2d 263 (1982) (opinion by *Hill, J.,* with *Vaughn, J.* (now Chief Judge) and *Johnson, J.,* concurring), finding no error in the judgment of *Lane, S.J.,* entered 20 October 1981 in Superior Court, ONSLOW County.

The State presented evidence at trial that an undercover agent for the Jacksonville Police Department, Michael Stock Groalman, entered the "Sultan's Harem Movie Mates" establishment at 7:40 p.m. on 2 March 1981. Upon payment of thirty dollars ($30.00) Mr. Groalman was escorted to a dimly lighted room by a woman he later identified as the defendant. Once in the room, which was furnished with a bed and nightstand, Mr. Groalman was instructed to disrobe by the defendant who then turned on a movie containing explicit sexual material. After Mr. Groalman disrobed the defendant offered the undercover agent a "hand job" (masturbation) for an additional fee of twenty dollars ($20.00). Upon payment of the twenty dollars ($20.00) Mr. Groalman was masturbated by defendant. After approximately twenty minutes Mr. Groalman left the Sultan's Harem and made an immediate report to the police.

On 10 March 1981, eight days after the alleged offense, the defendant was arrested and charged with prostitution in violation of G.S. 14-204.

The defendant presented no evidence at trial.

On 19 August 1981 in the District Court of Onslow County defendant was convicted of engaging in prostitution. Defendant appealed that conviction to the Superior Court, Onslow County, where a jury convicted defendant of engaging in prostitution.

Judge Lane imposed a nine months sentence which he suspended upon the condition that defendant pay a fine of one hundred dollars and the costs.

From the judgment of the Superior Court the defendant appealed to the Court of Appeals. That Court found no error in defendant's trial in the Superior Court. On 5 October 1982 we allowed defendant's petition for discretionary review.

*Jeffrey S. Miller, for defendant-appellant.*

*Rufus L. Edmisten, Attorney General, by Assistant Attorney General Grayson G. Kelley, for the State.*

COPELAND, Justice.

Defendant contends that the Court of Appeals misconstrued the definition of prostitution, as found in G.S. 14-203 and prohibited by G.S. 14-204, by including within that definition the sexual act of masturbation for hire. We agree with the defendant's contention that the warrant charging defendant with prostitution should have been dismissed by the trial court for failure to state an offense under G.S. 14-204.

The definition of prostitution as found in G.S. 14-203 provides in part:

The term "prostitution" shall be construed to include the offering or receiving of the body for *sexual intercourse* for hire, and shall also be construed to include the offering or receiving of the body for indiscriminate *sexual intercourse* without hire. (Emphasis added.)

The statute, G.S. 14-203, unequivocally defines prostitution as an act of *sexual intercourse,* and nothing else. Sexual intercourse is defined as, "The actual contact of the sexual organs of a man and a woman, and an actual penetration into the body of the latter." Ballentine's Law Dictionary 1170 (3d ed. 1969). This definition is in accord with our holding in *State v. Vinson,* 287 N.C. 326, 215 S.E. 2d 60 (1975), where Justice Huskins, in defining *"sexual intercourse"* for purposes of a rape case, stated, "It necessarily follows that the term 'sexual intercourse' encompasses *actual penetration." State v. Vinson,* 287 at 342, 215 at 71 (emphasis added). If the legislature wishes to include within G.S. 14-204 other sexual

acts, such as cunnilingus, fellatio, masturbation, buggery or sodomy, it should do so with specificity since G.S. 14-204 is a criminal statute.

In its opinion the Court of Appeals relied on *Gilchrist v. Hurley,* 48 N.C. App. 433, 269 S.E. 2d 646 (1980), *disc. rev. denied,* 301 N.C. 720, 274 S.E. 2d 233 (1981) for the proposition that prostitution includes numerous forms of sexual activity for hire. Such reliance on *Gilchrist* is misplaced since *Gilchrist* concerned the construction of G.S. 19-1.2, a nuisance statute, and not a criminal statute. When the Court is asked to construe a criminal statute such as the one in the case *sub judice,* the law must be construed strictly in favor of the defendant. In re *Banks,* 295 N.C. 236, 244 S.E. 2d 386 (1978); *State v. Ross,* 272 N.C. 67, 157 S.E. 2d 712 (1967); *State v. Brown,* 264 N.C. 191, 141 S.E. 2d 311 (1965).

As a result we are unable to construe G.S. 14-204 broadly enough so as to encompass the alleged acts of the defendant within the definition of prostitution. We therefore order that this case be remanded to the Court of Appeals for remand to Superior Court, Onslow County, for dismissal of the prostitution charge.

Reversed and remanded.