State v. Fields

No error.

Judges ARNOLD and HILL concur.

STATE OF NORTH CAROLINA v. LENA FIELDS

No. 849SC37

(Filed 6 November 1984)

1. **Criminal Law §§ 66.9, 66.16— pretrial photographic identification—not unduly suggestive—in-court identification of independent origin**

   There was no error in the denial of defendant's motion to suppress pretrial and in-court identifications where the court found that each witness had ample time to view defendant, that each witness gave a description which was similar in content, that the photographic lineup was conducted the day after the crimes were allegedly committed, that each witness immediately picked defendant's photograph, that the photographic lineup was not so unnecessarily suggestive and conducive as to constitute a denial of due process, and that the witnesses' in-court identifications of defendant were of independent origin and did not result from any pretrial identification procedures.

2. **Larceny § 7— credit card theft—evidence sufficient**

   In a prosecution for credit card theft, the trial court properly denied defendant's motion to dismiss where the evidence tended to show that defendant was observed in a portion of the Area Mental Health Center not open to the public, that defendant was seen by a worker at the Center near the worker's pocketbook, that defendant appeared startled and fled from the area when she was seen, that credit cards and twenty dollars were taken from a pocketbook elsewhere in the building, that two other witnesses saw defendant in the Center, and that defendant attempted to use one of the stolen cards at a bank on the same morning it was stolen.

3. **Larceny § 7.4— credit card theft—doctrine of recent possession**

   In a prosecution for credit card theft, the State is entitled to the benefit of the doctrine of recent possession where the evidence gives rise to a logical and legitimate inference that defendant had possession of a stolen card and used it to activate a teller machine, and where the evidence also gives rise to the logical deduction that defendant is unlikely to have obtained possession of the card honestly.

4. **Receiving Stolen Goods § 6; Larceny § 8— instruction on receiving stolen credit card—evidence showed only theft—error**

   The court erred by instructing the jury on receiving a stolen credit card where defendant was indicted for credit card theft, the evidence was of credit

card theft, there was no evidence of receiving, and the jury returned a verdict of "guilty of credit card theft."

APPEAL by defendant from *Herring, Judge.* Judgment entered 19 August 1983 in Superior Court, VANCE County. Heard in the Court of Appeals 24 September 1984.

In case #82CRS6016, defendant was tried and convicted of misdemeanor larceny of personal property belonging to Geraldine Winston; in case #82CRS6017, defendant was indicted, tried and convicted of "credit card theft." From a judgment imposing an active term of one year for misdemeanor larceny and one year for credit card theft, defendant appeals.

*Attorney General Edmisten, by Assistant Attorney General Marilyn R. Rich, for the State.*

*Willie S. Darby, for defendant appellant.*

JOHNSON, Judge.

The State offered evidence which tended to show that on 13 September 1982, defendant was observed in an office at the Area Mental Health Center acting in a suspicious manner. During the time defendant was at the Health Center, someone entered Geraldine Winston's office and took Ms. Winston's credit cards and twenty dollars from her pocketbook in her desk drawer. Shortly thereafter, defendant appeared at Peoples Bank and used one of the credit cards taken from Ms. Winston's pocketbook.

Defendant testified in her own behalf and denied being at the Area Mental Health Center or Peoples Bank at any time on 13 September 1982. Defendant also introduced testimony of several alibi witnesses. Other pertinent facts will be set forth in the opinion as we discuss the issues.

[1] By her first assignment of error, defendant contends the court erred in the denial of her motion to suppress testimony of pretrial and in-court identifications.

Officer Arnold Bullock investigated the incident and on 14 September 1982 showed identification witnesses a photographic lineup. Each witness immediately picked defendant's picture out of this lineup as the person they saw either at the Area Mental

Health Center or at Peoples Bank on 13 September 1982. Defendant argues that the pretrial identification procedure was impermissibly suggestive where defendant's photograph was the only one which resembled the identification witnesses' description in every respect. Defendant argues under the same assignment of error that the in-court identifications were tainted by the pretrial photographic lineup procedure and should have been excluded.

The appropriate standard as to the admissibility of photographic identifications has been stated as follows:

Identification evidence must be excluded as violating a defendant's rights to due process where facts reveal a pretrial identification procedure so impermissibly suggestive that there is a very substantial likelihood of irreparable misidentification. (Citations omitted.)

*State v. Barnett*, 307 N.C. 608, 627, 300 S.E. 2d 340, 350 (1983).

In the case *sub judice*, the court found that each witness had ample opportunity to view defendant on 13 September 1982 at the time in question either at the Area Mental Health Center or at Peoples Bank; that each witness gave a description of the person she observed and each description was similar in content; that the photographic lineup was conducted the day after the crimes were allegedly committed; that each witness immediately picked defendant's photograph as the person they had observed either at the Center or at Peoples Bank; that the photographic lineup was not so unnecessarily suggestive and conducive as to lead to an irreparable mistaken identity as to constitute a denial of due process; that the witnesses' in-court identification of defendant was of independent origin, based solely upon what the witnesses observed at either the Area Mental Health Center or Peoples Bank, and did not result from any pretrial identification procedures.

We have carefully examined the record, the briefs and pretrial photographic array viewed by the witnesses and find that the trial court's ruling is supported by overwhelming competent evidence. The pretrial photographic lineup was not impermissibly suggestive. Further, it is clear from the record that the in-court identifications were based solely upon what the witnesses observed about the defendant on 13 September 1982 and not any-

thing related to the photographic lineup. This assignment of error is without merit.

[2]  By her second assignment of error, defendant contends the court erred in denying defendant's motion to dismiss at the close of all the evidence. Defendant argues that the State's evidence fails to show that defendant took or had possession of any of Geraldine Winston's property; that there was inadequate evidence to support a finding of possession of recently stolen property so as to apply the doctrine of recent possession and the resulting presumption arising therefrom. We disagree.

The State offered evidence which tended to show the following. On 13 September 1982, between 10:00 and 11:00 a.m., defendant was observed at the Area Mental Health Center in the office of Mary Libby Robertson. Ms. Robertson's office was not open to the general public or patients of the center. Defendant was not an employee or patient of the center. Ms. Robertson was not in her office at the time. Upon returning to her office, Ms. Robertson saw defendant standing in her office within reach of her pocketbook which she had left on a shelf. Defendant appeared startled when she saw Ms. Robertson, turned and rushed from the office. Geraldine Winston, a secretary at the Area Mental Health Center, testified that during the same morning in question, someone entered her desk drawer and took her credit cards and twenty dollars from her pocketbook which was inside the drawer. One of the cards taken was a Peoples Bank automatic teller card. She gave no one permission to take her property. Two other witnesses also testified that they saw defendant at the Area Mental Health Center the morning of 13 September 1982.

The State's evidence further showed that between 11:00 a.m. and 12:00 noon, 13 September 1982, defendant entered the Peoples Bank and inquired of two bank employees, Catherine Abbott and Linda Davis, if the automatic teller machine was operating. At that moment the automatic teller was being serviced by Ms. Davis. Defendant waited in the bank's lobby for approximately five to ten minutes until the teller machine had been serviced. When told that the machine was ready for use, defendant immediately went outside to use the machine. Almost immediately, the automatic teller machine was activated and immediately captured Geraldine Winston's Peoples Bank teller card which had

been recently stolen. The card was immediately retrieved by a bank employee at which time defendant stuck her head in the door of the bank and asked, "Is that card expired?" Upon being advised that Ms. Winston's card was expired, defendant left.

The State relies upon circumstantial evidence to prove defendant's guilt. Circumstantial evidence is evidence of facts from which other facts may be logically and reasonably deduced. *State v. Jones*, 303 N.C. 500, 279 S.E. 2d 835 (1981). An essential fact may be proved by circumstantial evidence where the circumstances raise a logical inference of the fact to be proved and not just a mere conjecture or surmise. *State v. Jones, supra.* When a motion to dismiss raises the question of the sufficiency of circumstantial evidence, the question for the court is whether a reasonable inference of defendant's guilt can be drawn from the circumstances. If a reasonable inference of defendant's guilt can be drawn from the circumstances, it then becomes a question for the jury to decide whether the facts, taken singly or in combination, satisfy them beyond a reasonable doubt that the defendant is actually guilty. *State v. Rowland*, 263 N.C. 353, 139 S.E. 2d 661 (1965).

[3] The evidence set forth above does more than raise a suspicion or conjecture. It gives rise to a logical and legitimate inference or deduction that defendant had possession of Ms. Winston's Peoples Bank teller card and used it to activate the teller machine. This evidence also gives rise to the logical deduction that defendant, possessing the card so soon after it was stolen and under such circumstances, is unlikely to have obtained possession of the card honestly. Consequently, the State was entitled to the benefit of the doctrine of "recent possession" and the presumption arising therefrom, that defendant took Ms. Winston's Peoples Bank card and twenty dollars from Ms. Winston's pocketbook on the morning of 13 September 1982. Based upon these circumstances, the trial court properly denied defendant's motion to dismiss.

[4] By her final assignment of error, defendant contends the trial court incorrectly instructed the jury as to the law regarding the charge of theft of a financial transaction card, commonly known as "credit card theft." We agree and order a new trial in case #82CRS6017 on "credit card theft."

Defendant was indicted on a charge of "credit card theft." The State's evidence tended to show a crime of credit card theft and indeed the jury returned a verdict of "Guilty of credit card theft." However, the trial court instructed the jury on the law of "receiving stolen property," a separate and distinct crime from the crime of larceny. An instruction on receiving does not arise on the evidence presented in this case since there is no third party involved. *State v. Brunson*, 51 N.C. App. 413, 276 S.E. 2d 455 (1981).

Defendant correctly states the principles of law that the chief purpose of a charge is to give a clear instruction which applies the law to the evidence in such a manner as to assist the jury in understanding the case and in reaching a correct verdict; and that it is prejudicial error to instruct in regard to law not presented by the evidence. *State v. Henderson*, 285 N.C. 1, 203 S.E. 2d 10 (1974), *modified*, 428 U.S. 902, 96 S.Ct. 3202, 49 L.Ed. 2d 1205 (1976); *State v. Williams*, 280 N.C. 132, 184 S.E. 2d 875 (1971). Also, a charge must be construed as a whole, and isolated portions of a charge will not be held to be prejudicial where the charge as a whole is correct. *State v. Slade*, 291 N.C. 275, 229 S.E. 2d 921 (1976).

In the case at bar, defendant challenges the trial court's instructions on the charge on "credit card theft." The trial court gave the following instructions:

(1) [In] Case Number 82CRS6017, which alleges that the defendant, on or about the 13th day of September, 1982, committed the crime of credit card theft as it is designated, and to which the defendant has entered a plea of not guilty.

(2) I instruct you, members of the jury, that in order for you to find the defendant guilty of credit card theft, the State must prove four things beyond a reasonable doubt:

(3) First, the State must prove beyond a reasonable doubt that on or about the 13th day of September, 198[2], the defendant, Lena Fields took or obtained or had possession of a Peoples Bank credit card number 070115567, which was issued to Geraldine Winston.

(4) I instruct you, members of the jury, that the burden on the State as to this first thing that the State must prove

does not require the State to prove that this defendant stole that card, but it does require that it prove that the defendant at least obtained or had possession of that particular Peoples Bank debit card which had been issued to Geraldine Winston.

(5) The second thing the State must prove is that that particular bank debit card had been stolen earlier, either by the defendant or by someone else, or taken without Geraldine Winston's consent.

(6) The third thing the State must prove beyond a reasonable doubt is that this defendant knew at the time that it had been so taken; and

(7) The fourth thing the State must prove is that the defendant intended to use that card to withdraw cash from Peoples Bank, whether or not it was actually used by her, and whether or not any cash was actually obtained, and whether or not the card had expired.

(8) So it is immaterial as to the fourth requirement which is placed upon the State that the card may have expired at the time it was presented and was incapable of having perpetrated a fraud.

(9) The law punishes the criminal intent to use that card, whether it is actually capable of being used or not, and whether or not the number combination that the evidence would tend to show is necessary to go along with the use of the card in order to accomplish a withdrawal of funds from the account.

. . .

(10) Finally, as to this charge of credit card theft, I instruct you, members of the jury, that if you find from the evidence presented and beyond a reasonable doubt that on or about the 13th day of September, 1982, the defendant, Lena Fields, either took or obtained or received or possessed the Peoples Bank card issued to Geraldine Winston which she knew had previously been taken without Geraldine Winston's consent, and that the defendant intended to use that card to obtain money, whether or not it was actually capable of obtaining

money, then it would be your duty to return a verdict of guilty as charged.

A close reading of the above challenged instructions, particularly paragraphs 4, 5, 6 and 10, reveals that the jury was instructed and allowed to rely on a theory of receiving a stolen credit card when in fact defendant was indicted for credit card theft; further, there was no evidence to support a theory of receiving. The challenged instruction is basically consistent with North Carolina Criminal Pattern Jury Instruction 219 B. 11, titled, "Credit Card Theft—Receiving Stolen Card." An instruction consistent with North Carolina Criminal Pattern Jury Instruction 219 B. 10, titled, "Credit Card Theft—Taking" is the proper instruction the trial court should have given under the indictment and evidence of this case. Accordingly, defendant is entitled to a new trial in case #82CRS6017.

In summary, we find no error in defendant's trial in case #82CRS6016 on the misdemeanor charge. We find prejudicial error in case #82CRS6017 charging "credit card theft."

Case #82CRS6016, no error.

Case #82CRS6017, new trial.

Chief Judge VAUGHN and Judge WHICHARD concur.