STATE OF NORTH CAROLINA v. MADELINE TAYLOR

No. 883SC493

(Filed 17 January 1989)

**Schools § 13— teacher's promise to give passing grade in exchange for VCR—no criminal conduct**

> N.C.G.S. § 14-118.2 is directed toward those outside the school system who give unfair aid to students by, among other things, taking exams for them or writing papers for them, and it does not make criminal a teacher's offer to give a student a passing grade in exchange for a VCR.

> Judge COZORT dissenting.

APPEAL by defendant from *Wright, Judge*. Judgment entered 16 November 1987 in Superior Court, PITT County. Heard in the Court of Appeals 2 November 1988.

Defendant was charged with violating N.C.G.S. § 14-118.2 by giving one of her students a passing grade in exchange for a video cassette recorder.

On appeal in Superior Court the State's evidence tended to show the following.

During the spring semester of 1987 Andre Love was advised by John Walter Leech, the school guidance counselor, that he was in jeopardy of not graduating. Later that day, Leech went to see defendant who was Love's English teacher and Leech told defendant that Love needed some extra credit points to enable him to graduate. That same afternoon, Love went by defendant's schoolroom and was told by her that if he would get her a video cassette recorder (VCR) she would pass him.

Upon the advice of friends, Love went to the police and told them of defendant's offer. At the police's suggestion, Love went back to defendant and asked her if she still wanted a VCR, to which she replied yes, and that she would pass him in return. Defendant also told Love to rewrite a paper he had previously written for her in the event anyone questioned the passing grade.

Defendant told Love to bring the VCR to her house. Love was given a VCR by the police which he took to defendant and taped his conversation with her. Love asked defendant why she required a VCR to pass him, and she replied that she had to "get something out of the deal."

Defendant was arrested and her house was searched but no VCR was found. She later testified that upon learning of the police investigation she disposed of the VCR.

Defendant offered evidence that she agreed to help Love with a paper for extra credit, and that since she was doing this on her own time, she asked him to help find her a VCR for $100-150. She testified she never intended to trade a passing grade for the VCR, but that she intended to pay for it. The jury found defendant guilty as charged and from judgment sentencing her to six months suspended sentence conditioned on a thirty-day active term, defendant appeals.

*Attorney General Lacy H. Thornburg, by Associate Attorney General David M. Parker, for the State.*

*Fitch, Butterfield & Wynn, by Leland Q. Towns and Milton F. Fitch, Jr., for defendant appellant.*

State v. Taylor

ARNOLD, Judge.

Defendant first contends that the trial court erred in failing to grant defendant's motion to dismiss because her conduct was not prohibited by N.C.G.S. § 14-118.2. We agree.

N.C.G.S. § 14-118.2 reads as follows:

(a) It shall be unlawful for any person, firm, corporation or association to assist any student, or advertise, offer or attempt to assist any student, in obtaining or in attempting to obtain, by fraudulent means, any academic credit, or any diploma, certificate or other instrument purporting to confer any literary, scientific, professional, technical or other degree in any course of study in any university, college, academy or other educational institution. The activity prohibited by this subsection includes, but is not limited to, preparing or advertising, offering, or attempting to prepare a term paper, thesis, or dissertation for another and impersonating or advertising, offering or attempting to impersonate another in taking or attempting to take an examination.

(b) Any person, firm, corporation or association violating any of the provisions of this section shall be guilty of a misdemeanor punishable by a fine not to exceed five hundred dollars ($500.00), imprisonment for not more than six months, or both. Provided, however, the provisions of this section shall not apply to the acts of one student in assisting another student as herein defined if the former is duly registered in an educational institution and is subject to the disciplinary authority thereof.

The primary rule of statutory construction is that the intent of the legislature controls the interpretation of a statute. In seeking to discover this intent, the language of the statute, the spirit of the act, and what the act seeks to accomplish should be considered. *Stevenson v. City of Durham*, 281 N.C. 300, 303, 188 S.E. 2d 281, 283 (1972). Moreover, a criminal statute must be strictly construed in favor of defendants, although the court is to keep in mind the evil the statute was intended to suppress and not force an unduly narrow reading of the statute. *See State v. Richardson*, 307 N.C. 692, 300 S.E. 2d 379 (1983); *see also Matter of Banks*, 295 N.C. 236, 244 S.E. 2d 386 (1978).

State v. Taylor

It is our opinion that N.C.G.S. § 14-118.2 is not intended by the legislature to make criminal actions like those of defendant. This statute reads, in part: "[T]he activity prohibited by this subsection includes, but is not limited to, preparing or advertising, offering, or attempting to prepare a term paper, thesis, or dissertation for another and impersonating or advertising, offering, or attempting to impersonate another in the taking or attempting to take an examination." N.C.G.S. § 14-118.2(a). Although these examples are qualified by the language "includes, but is not limited to," the direction of the statute is chiefly concerned with the professional paper writer or examination taker, and not a teacher.

One who takes, or offers to take, an examination for another, must do so where he or she will not be recognized as an improper examinee. Only a "mass testing" such as an aptitude test or a professional entrance examination provides the opportunity for an improper examinee to go unnoticed. The normal classroom situation ordinarily would not present the opportunity for this type of fraud. Similarly, N.C.G.S. § 14-118.2(b) focuses on those papers written by persons who are not classmates, when it excepts from coverage one student assisting another.

The State points out that the legislature makes no exception for teachers in the statute's coverage, as it does for students. While we note the lack of exception for teachers, we are not persuaded that the legislature intended to criminally punish this type of misconduct by a teacher. We believe the statute was designed to punish those persons outside the school system who give unfair aid to students.

Although we condemn the actions by defendant as unethical and undesirable, N.C.G.S. § 14-118.2 does not make them criminal. *See Richardson*, 307 N.C. 692, 300 S.E. 2d 379 (1983); *see also Matter of Banks*, 295 N.C. 236, 244 S.E. 2d 386 (1978).

Defendant was improperly convicted under N.C.G.S. § 14-118.2 and we do not need to address her second assignment of error.

For the reasons stated above, the judgment below is

Vacated.

Judge WELLS concurs.

Judge COZORT dissents.

Judge COZORT dissenting.

While I agree with the majority that the primary purpose of N.C. Gen. Stat. § 14-118.2 appears to make criminal the actions of professional paper writers and examination takers, I do not agree that the actions of the defendant below are outside the unlawful conduct as set forth in the statute.

The conduct prohibited is the fraudulent procurement of academic credit; and, in my opinion, I believe a teacher who helps a student obtain that credit by offering a passing grade in exchange for an article of value has, in the words of the statute, "assist[ed] [a] student . . . in attempting to obtain, by fraudulent means, . . . academic credit . . . ." N.C. Gen. Stat. § 14-118.2(a) (1988).

I believe *State v. Richardson*, 307 N.C. 692, 300 S.E. 2d 379 (1983), relied on by the majority, is distinguishable. The specific issue there was whether masturbation for hire was a crime under the prostitution statutes. The Supreme Court held it was not, explaining that N.C. Gen. Stat. § 14-203 limited prostitution specifically to "sexual intercourse." No such specific limitation appears in the statute at issue here.

I vote no error in the trial below.